FILED

DEC 10 2013

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JESUS RAMOS BAUTISTA,<br><br>Petitioner,<br><br>v.<br><br>ERIC H. HOLDER, Jr., Attorney General,<br><br>Respondent. | No. 09-73819<br><br>Agency No. A096-159-143<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted November 19, 2013[**]

Before:     CANBY, TROTT, and THOMAS, Circuit Judges.

Jesus Ramos Bautista, a native and citizen of Guatemala, petitions pro se for

review of the Board of Immigration Appeals' order dismissing his appeal from an

immigration judge's decision denying his applications for asylum, withholding of

removal, protection under the Convention Against Torture ("CAT"), and

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

cancellation of removal. Our jurisdiction is governed by 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings, *Nahrvani v. Gonzales*, 399 F.3d 1148, 1151 (9th Cir. 2005), and we deny in part and dismiss in part the petition for review.

The record does not compel the conclusion that Bautista established changed or extraordinary circumstances sufficient to excuse his untimely filed asylum application. *See* 8 C.F.R. §§ 1208.4(a)(4), (5). Accordingly, we deny the petition as to his asylum claim.

Bautista, an indigenous Guatemalan who served in the civil patrol, testified soldiers thought he assisted the guerrillas while he lived in Guatemala. Bautista also testified that, while gangs never physically harmed him, and neither he nor his family members have had any particular problems with gangs, gangs now pose a problem. Substantial evidence supports the agency's determination that Bautista failed to establish either past persecution or that it is more likely than not he would be persecuted upon his return to Guatemala. *See Nahrvani*, 399 F.3d at 1153-54 (threats, harassment, and property damage did not constitute past persecution, and fear of future persecution was too speculative). Accordingly, Bautista's withholding of removal claim fails.

09-73819

Substantial evidence also supports the agency's denial of Bautista's CAT claim because he failed to establish it is more likely than not he will be tortured if returned to Guatemala. *See Silaya v. Mukasey*, 524 F.3d 1066, 1073 (9th Cir. 2008).

Finally, we lack jurisdiction to review the agency's discretionary determination that Bautista did not make the requisite showing of exceptional and extremely unusual hardship to be eligible for cancellation of removal. *See Martinez-Rosas v. Gonzales*, 424 F.3d 926, 929-30 (9th Cir. 2005).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**